529 So.2d 879 (1988)
Pamela Pipes KAYE
v.
Neal Wallace KAYE, Jr.
No. CA-9210.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Rehearing Denied September 14, 1988.
*880 D. Douglas Howard, Jr., Leslie A. Bonin, New Orleans, for plaintiff/appellee.
Steven J. Lane, Herman, Herman, Katz & Cotlar, New Orleans, for defendant/appellant.
Before GULOTTA, GARRISON and PLOTKIN, JJ.
PLOTKIN, Judge.
Appellant, Neal Wallace Kaye, Jr., appeals a trial court judgment requiring him to resume his original child support obligations of $1,100 per month per child and making him responsible for $15,000 in child support abatements.
Appellant and appellee, Pamela Pipes Kaye, were married on October 19, 1974. Two children, Ashley Kaye and Neal Kaye III, were born of the union. The parties were granted a judgment of separation on August 16, 1985.
At the time of separation, the parties sought to sell Neal Kaye, Inc., a community business which was the holding company for a number of business entities. Some $250,000 in community debts had to be paid before the business could be sold. As a result, Mr. Kaye negotiated a loan from Hibernia National Bank, which he agreed to pay from the proceeds of a consulting agreement with Crown Distributing Co. The agreement with Crown provided that Mr. Kaye would receive $250,000 over a two-year period. The loan from Hibernia was originally formally secured by a mortgage on Mr. Kaye's father's house. As a result of this arrangement, Mrs. Kaye was held harmless from any liability on the community business debt.
At the time of the separation, the parties agreed that Mr. Kaye would pay $1,100 per month child support for each of the two *881 children, as well as $500 alimony pendente lite per month for a two-year period commencing September 1, 1985. The appellant also agreed to pay $600 per month per child for tuition and to provide medical/hospitalization insurance for his children. At the time, Mr. Kaye was earning $100,000 per year as president of Dixie Brewing Co.
In March of 1986, Dixie Brewing Co. discontinued Mr. Kaye's $100,000 salary. On July 1, 1986, Mr. Kaye filed a Rule to Reduce Alimony and Child Support, claiming a $100,000 change in circumstances. The trial court held a hearing on the rule November 6, 1986, at which Mr. Kaye requested a $600 per month per child reduction in child support and stated that he would "return to the original obligation" if he received the salary payments from Dixie. He testified that he had been employed by Merrill-Lynch to sell real estate for two weeks, but that he had not received any money from that job at that time. Following the hearing, the trial court issued a written judgment on November 13 modifying and altering Mr. Kaye's support obligations as follows:
[F]or the eight months beginning 1 November 1986 and ending 30 June 1987, the $1100.00 per month per child in child support shall be paid in the form of $600.00 per month per child cash and $500.00 per month per child promissory note due on the earlier of the sale of the jointly-owned boat or 1 July 1987, whichever should first occur, and in all other respects the provisions respecting child support and alimony (the former including $600 per month for education, medical/hospitalization insurance and deduction of dependents on tax returns, and the latter including $500.00 per month for two years certain) shall remain in full force and effect.
In his reasons for judgment, the trial judge made a factual finding that Mr. Kaye had suffered a material change in circumstances entitling him to relief under the provisions of LSA-R.S. 9:311.
The trial judge later granted appellant's motion for new trial, and on February 3, 1987 issued an amended judgment, this time without reasons,
modifying and altering the support set forth in the 16 August 1985 judgment only as follows: beginning 1 November 1986 the $1,100.00 per month per child in child support shall be reduced by the amount of $500.00 per month per child. Mr. Kaye shall pay $600.00 per month per child in child support, as well as other payments required under the 16 August 1985 judgment, with the $500.00 per month per child abatement of child support to be accumulated on a monthly basis.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a hearing be held on 29 June 1987 at 9 a.m. to determine whether Mr. Kaye should repay all, part, or none of the accumulated abatement of child support; whether the abatement should continue; or whether the abatement should be converted to a permanent reduction in child support to $600.00 per month per child plus the other payments required by the 16 August 1985 judgment.
At the June 29, 1987 hearing, Mr. Kaye testified that he had secured a job as a financial consultant with Merrill-Lynch and was then earning $40,000 per year. He stated that his take-home pay was $2,200 per month and that his child support and alimony obligations, without the reduction or abatement, totalled $2,300. His total expenses were estimated at $4,800 per month. He stated that he had liquidated his IRA and made loans to meet his obligations and admitted that he had not pursued Dixie for payment of his salary because he did not "have the funds to support the legal representation to go the distance with these people."
Following the hearing, the trial judge issued a written judgment, again without reasons, July 6, 1987, continuing the abatement of the $500.00 per month child support and continuing the accumulation of the abated portion. A new hearing date to reconsider the circumstances of the appellant was set September 3, 1987.
At the September 3, 1987 hearing, Mr. Kaye testified that his financial condition *882 had further deteriorated, that he was financially incapable of paying his child support obligations, that he had depleted his savings and that he was incapable of borrowing more funds. He admitted that he owned a house in which he had some $80,000 equity and that he drove a relatively expensive sports car. Appellant also stated that he was in possession of a boat owned by the community formerly existing between himself and the appellee. In response to questions concerning the consulting agreement with Crown Distributing and the $250,000 debt to Hibernia, Mr. Kaye revealed that he had formally pledged the payments on the consulting agreement to Hibernia after his father sold his house that had formally been pledged as collateral on the loan.
On September 15, 1987, the trial court issued a judgment voiding the previous abatement of the child support obligation, returning the obligation to the original $1,100 per month per child level and ordering the payment of the accumulated abatement. The judgment also conditioned the appellant's right to bring further rules to reduce support on the payment of these amounts.
In his reasons for judgment, the trial court recited the fact that appellant renegotiated his loan with Hibernia two weeks prior to the September 3 hearing to get his father "off the note" and pledge or assign all of his payments from Crown to reduce the indebtedness. The effect of this move, the court stated, was to place the Crown payments "outside the reach of this Court for purposes of child support." The court found bad faith on the part of the appellant and stated that he could not be allowed to favor a creditor at the expense of his children. The court stated:
Mr. Kaye has assets: a home and a boat which have sufficient equity in them to pay child support at the unabated levels and to reimburse his former wife the abated portion of support. For this reason, the abatements must end.
Mr. Kaye is not receiving the income he once was, yet it is clear to the Court that he is trying to maintain a lifestyle that would represent to the public that he is substantially more successful at present than he actually is. This Court felt that it was in the children's best interest that Mr. Kaye, while he is attempting to establish himself in his new career as a stockbroker, be allowed some leeway and flexibility with his finances to keep things afloat. Thus the abatement. He has, however, breached that tacit agreement. His children come first.
From the above judgment, Mr. Kaye has appealed. We reverse.
First, we note that we have been unable to find any Louisiana cases which give a trial court the authority to "abate" a child support obligation and allow the amounts due to accrue for future payment. The only statutory authority for modifying a child support decree is found in LSA-R.S. 9:311, which provides, in pertinent part, as follows:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Therefore, we will consider a single issue: Whether, at the time of the first hearing on November 6, 1986, the appellant was entitled to a permanent reduction of his child support obligations. We hold that he was. The above statute establishes a single issue for determining whether a child support award should be increased or reducedproof of a change in circumstances. Mr. Kaye's uncontradicted testimony in the instant case reveals that such a change in circumstances has unquestionably occurred. Specifically, the obligor's monthly income has been reduced from $100,000 per year to zero at the time of the first hearing on November 6, 1986, then to $40,000 per year at the time of the second hearing on July 29, 1987.
However, the inquiry does not stop with that determination. Proof of a change in circumstances does not justify reduction of a child support award where the inability to pay arises from the obligor's own voluntary actions which render the performance difficult if not impossible. *883 Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). In the instant case, the appellee claims that the appellant's financial problems and inability to pay are caused in large part by his own voluntary actions. The September 15, 1987 reasons for judgment indicate that the trial judge agreed with that contention. We disagree. The appellee neither testified nor presented any other evidence to refute any of appellant's contentions at any of the three hearings. Once the appellant presented evidence of a change in circumstances, he had established a prima facie case for entitlement to a reduction in his support obligations. The burden then shifted to the appellee to refute that entitlement with proof that the change in circumstances was caused by the appellant's own voluntary actions. Since she failed to meet that burden, the trial court should have permanently reduced the appellant's child support obligation.
For the reasons cited above, the September 15, 1987 judgment of the trial court is reversed. The February 3, 1987 judgment is reinstated insofar as it reduced appellant's monthly child support obligation to $600 per month per child, in addition to his obligation to pay tuition and provide insurance, and reversed insofar as the remaining $500 per month per child was to be accumulated.
REVERSED AND RENDERED.