541 So.2d 250 (1989)
Pauline Eagan, Wife of James J. CRANE
v.
James J. CRANE.
No. 88-CA-1225.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
David R. Paddison, Covington, for plaintiff.
A.D. Freeman, Jr., New Orleans, for defendant.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
Defendant in rule, Pauline Eagan, appeals the trial court judgment reducing the amount of child support she receives from her former spouse, James J. Crane. We find that the evidence presented establishes that a reduction of child support is warranted and affirm the trial court's judgment.
On November 9, 1981, a consent judgment was entered into decreeing a divorce and ordering James J. Crane to pay child support for his two minor children in the amount of $1,100.00 per month and, additionally to carry medical insurance and be responsible for one-half of all the medical bills not covered by such insurance as well as one-half of any and all of the aforesaid children's tuition increases. Both parties have remarried since the judgment of 1981 and Mr. Crane has a newborn child by his present marriage. By marriage contracts, both couples are separate in property.
James Crane filed the present rule to decrease child support on February 17, 1988, alleging that he had a substantial decrease in income with an increase of financial responsibilities to such a degree that he is unable to continue to pay the amount fixed by the judgment of November 9, 1981. The rule was heard on March 29, 1988, and on March 30, 1988 the trial *251 judge ordered a reduction in child support from $1,100.00 monthly to $800.00 monthly. The court ordered a continuance of the other obligations imposed upon Mr. Crane, namely tuition and medical.
In its reasons for judgment the trial court stated,
"The former Mrs. Crane's income although less than in 1981 is not, although relevant, material to whether Mr. Crane is entitled to a reduction in support. Mr. Crane's ability to pay is material."
The court went on to apply the formula derived from Department of Health and Human Resources (DHHR) guidelines which sets an upper limit of 29% of an obligor's gross income for child support plus medical/hospitalization. Based on this formula the court determined that Mr. Crane was entitled to an abatement.
Ms. Eagan argues that the trial court erred in relying solely on the DHHR formula to determine the amount of child support. She also claims that the trial court failed to consider whether Mr. Crane brought his alleged unstable financial condition upon himself or whether he should reduce his expenses in order to have the funds to pay his family support obligations. She observes that despite his declining income, Mr. Crane purchased a $168,000.00 house in August of 1986 and incurred a $46,760.00 obligation in connection therewith. In addition, in June of 1986, Mr. Crane incurred a $23,000.00 indebtedness with his wife for the purpose of renovating his wife's separate property. He also borrowed money to cover the costs of the birth of his child, child support payments to Ms. Eagan, and a 1985 federal income tax audit; or so he claims. Ms. Eagan insists that the trial court abused its discretion by granting a reduction in child support without considering the totality of the circumstances. Kuhn v. Kuhn, 420 So.2d 1026, 1028 (La.App. 5th Cir.1982); see also Mittelbronn v. Mittelbronn, 363 So.2d 1312 (La.App. 4th Cir.1978).
We agree with Ms. Eagan that proof of a change in circumstances does not justify a reduction of the child support award where an obligor's inability to pay arises from his own voluntary actions which render performance difficult if not impossible. LSA-R.S. 9:311. We addressed this issue in Kaye v. Kaye, 529 So.2d 879 (La.App. 4th Cir.1988) writ denied 533 So.2d 377 (La.1988). Citing Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959), we wrote:
"Once the appellant presented evidence of a change in circumstances, he had established a prima facie case for entitlement to a reduction in his support obligations. The burden then shifted to the appellee to refute that entitlement with proof that the change in circumstances was caused by the appellant's own voluntary actions. Since she failed to meet that burden, the trial court should have permanently reduced the appellant's child support obligation."
Ms. Eagan offers no support for her allegations that Mr. Crane misrepresented his income. At the hearing on the rule, Mr. Crane was questioned concerning his assets which concerned holdings in Crane, Inc., Plantation Pools and Mayfair-Crane Joint Venture as well as his partnership in Patterson and Crane and its payroll company C & P Management Corporation. Mr. Crane testified that none of these businesses are especially profitable at this time. Ms. Eagan also insists that the Crane home in Waveland should properly be characterized as investment property since Mr. Crane lives in New Orleans and does not do business in Waveland. However Mr. Crane testified that he only stays at his wife's house in New Orleans during the week, in order to do business, and his home is actually in Waveland. The only other significant asset that Ms. Eagan revealed was Mr. Crane's one-half ownership in an $8,000.00 boat. We decline to find that any of these assets contribute substantially to Mr. Crane's ability to pay. It is well settled that in matters of alimony and child support the trial court is vested with much discretion and the court's judgment in these matters will not be disturbed on review absent a clear abuse of discretion. Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.1982), writ denied, 415 So.2d 944 *252 (La.1982). Under the circumstances of this case, we cannot say that the trial court abused its discretion in ordering a reduction in child support.
As in Kaye, Ms. Eagan failed to carry the burden in the instant case.
For the foregoing reasons, the judgment of the trial court is affirmed.