BOWES, Judge.
Defendant, Darryl Delatte, appeals a ruling of the Juvenile Court which ordered him to pay $60.00 per week, plus $10.00 per week in arrearages for the support of his minor child, Rose Lee (Allen) Delatte. We affirm.
The record in this case reflects that defendant is the father of thirteen children by various women, nine of these are minors. In September, 1990, a bill of information was filed charging him with criminal neglect pursuant to an affidavit filed by Rhoda Allen, the mother of Rose Lee Delatte. The matter was subsequently converted to a civil proceeding.
A hearing before a hearing officer was held on November 15,1990. The defendant admitted paternity and the hearing officer recommended that child support be set at $80.00 per week. The defendant did not agree to the amount set as child support *1218 and the matter was set for a hearing before the Juvenile Court.
A hearing was held on December 12, 1990 in which defendant again admitted paternity. The matter was then continued until January 7, 1991.
At the January 7th hearing, Ms. Allen testified that she was employed as a data entry operator with the Louisiana State Department of Transportation and that she had a gross salary of $1,334.00 per month.
Defendant testified that he was employed by the Regional Transit Authority as a mechanic with a gross monthly salary of $2,100.00. He also testified that he was the father of 13 children (9 minors) and that he provided support to these children by purchasing food and clothing, by providing health insurance and by exercising visitation. He further testified that only two of these children (one of whom was still a minor) were born in wedlock, and that his former wife had a judgment of child support rendered on July 2, 1984 in Civil District Court for Parish of Orleans of $300.00 per month. At the conclusion of the hearing the trial judge set child support at $60.00 per week, plus $10.00 per week ar-rearages.
On November 16, 1992, defendant filed a motion for new trial. On February 7,1991, he filed a supplemental motion for new trial and also a rule to reduce child support. In these pleadings, defendant alleged that the trial court erred in failing to consider the amount of support he pays for all his children. In support of these pleadings, defendant attached the child support judgment of June, 1984 and four affidavits which attested that defendant was paying an aggregate of $390.00 monthly to four women for six of his children.
On August 12, 1991, a hearing was held and the trial court granted the motion for new trial for the limited purpose of allowing into evidence the judgment of July 2, 1984. The trial court did not accept the affidavits as evidence.
Defendant’s rule to reduce was denied.
In September and October, 1991, the defendant caused to have entered against him four consent judgments ordering child support in an aggregate of $840.00 per month for six of his children. He again sought reduction of the child support award of January 7, 1991. The rule was set for December 2,1991 but was continued by the trial court who ordered defendant to provide proof of payment of the consent judgments. On February 10, 1992, the trial court denied defendant’s rule to reduce and defendant appealed.
ANALYSIS
Defendant argues that the trial court erred in failing to consider the child support he paid for his other children when determining the appropriate award of child support in this case.
LSA-R.S. 9:315 et seq. sets forth the guidelines a court is to follow in setting child support. LSA-R.S. 9:315.1(B) states that “The court may deviate from the guidelines set forth in this part if their application would not be in the best interest of the child or would be inequitable to the parties.”
LSA-R.S. 9:315.1C provides that:
In determining whether to deviate from the guidelines, the court’s considerations may include:
(1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.14. If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case. If the combined adjusted gross income of the parties exceeds the highest sum shown on the schedule, the provisions of R.S. 9:315.10(B) shall apply.
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
*1219 (4) An extraordinary community debt of the parties.
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this Part and may redetermine support without the necessity of a change of circumstances being shown.
(6) The permanent or temporary total disability of a spouse to the extent such disability diminishes his present and future earning capacity, his need to save adequately for uninsurable future medical costs, and other additional costs associated with such disability, such as transportation and mobility costs, medical expenses, and higher insurance premiums.
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
Thus, the court is given discretion to deviate from the guidelines when in the best interest of the parties concerned.
In this case, defendant alleged that he provided support for a total of nine minor children. As evidence of these payments, defendant introduced four consent judgments from Civil District Court for the Parish of Orleans, which were signed in September and October of 1991. These judgments were voluntarily incurred by defendant after the December, 1990 judgment setting child support set in this case. A reduction of child support is not warranted if the obligor’s inability to pay arises from his own voluntary actions. Crane v. Crane, 541 So.2d 250 (La.App. 4 Cir.1989).
Defendant attempted to prove payment of these consent judgments; however, his evidence consisted of copies of many orders and cheeks from the month of December, 1991, made out to the mothers of his children and deposited back into his own bank account. Then the trial judge, in her reasons for judgment, stated:
This court is of the opinion that the defendant has been given every benefit of the doubt in this matter. First, in November, 1990, allowing the defendant to stipulate to the charge of criminal neglect under R.S. 14:75 and agreeing to pay support for this child, converting the action from a criminal to a civil action. Secondly, the court has allowed Darryl Delatte more than sufficient opportunity to present proof which would justify a modification of the amount of support ordered in December, 1990. However, it is the opinion of this court that Darryl Delatte has tried to manipulate the system in an on-going effort to evade paying the support ordered by this court for this minor child. He has attempted to do so by entering into consent judgments with four other women subsequent to this court’s order, and by seemingly contrived transactions and movement of funds in and out of his own accounts to show that he actually pays support according to those judgments.
Accordingly, the trial judge concluded that this evidence was insufficient to show that defendant was actually providing support for all his children or for those children that he was legally obligated to support. Absent a clear abuse of discretion which we do not find, we cannot disturb the decision of the trial court. Kirby v. Kirby, 579 So.2d 508 (La.App. 4 Cir.1991).
Thus, from the record before us, we find no error in the trial court’s refusal to deviate from the child support guidelines set forth in LSA-R.S. 9:315 et seq. Accordingly, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.