LOBRANO, Judge.
Appellant, Patricia Ann Fanguy, perfects this appeal from a lower court ruling reducing the child support obligations of James Robert Fanguy, appellee, from $300.00 per month to $225.00.
The record reflects that on December 21, 1982 the parties entered into a consent judgment establishing child support at $300.00 per month. At that time, appellee was working for Gulf States Emergency Medical Services as a paramedic with a monthly gross salary of $2,050.00. His take home or net was approximately $1,500.00 per month. His total gross income from various jobs held that year was $32,234.00.[1]
At the time of the trial of the instant rule, appellee had remarried and moved to a small town in Tennessee so that they could be near his wife’s parents. He testified that about three weeks prior to the rule he became employed with Middle State Tennessee University with a monthly pay of $1,094.00. Prior to that he worked as a car salesman for Jackson Brothers Chevrolet with a gross monthly income of $866.00 per month.
The evidence is clear that appellee’s financial situation has changed considerably since the December 1982 consent decree. However, appellant argues that appellee is a well trained, educated and qualified paramedic quite capable of a higher earning. In support thereof she cites Sykes v. Sykes, 308 So.2d 816 (La.App. 4th Cir.1975).
It is well established that one may not avoid a support obligation by quitting work. Sykes, supra. It is equally clear, however, that a reduction in child support payments may be ordered upon a showing by the party seeking such a reduction that a change in circumstances has occurred; that the voluntary change of circumstances is reasonable and justified; that he or she is in good faith in not attempting to avoid his alimentary obligation; and his or her action will not deprive the child of continued reasonable financial support. Mosley v. Mosley, 348 So.2d 225 (La.App. 3rd Cir.1977), writ den. 350 So.2d 1213 (La.1977).
A review of the record in the instant case convinces us that the trial judge was correct, and the reduction was warranted.
In June of 1983, appellee, and at least eight to twelve other employees left Gulf *669 States due to the imposition of drastic changes in working conditions. Appellee testified that he would have been required to work for an additional 72 hours per month without additional compensation. After leaving that job, appellee attempted to get employment in either the medical or security field with at least five different local employers, including a Mississippi Gulf Coast Institution.
In July of 1983, the parties sold the community residence from which appellee received $12,000.00 as his share. Shortly thereafter, he remarried and in October of 1983 moved to a small town in Tennessee. He was unemployed until February 27, 1984 when he went to work for Jackson Brothers Chevrolet. He and his wife lived on the $12,000.00 he received from the sale of the community home, and he continued the child support payments until those funds were depleted. At that time he reduced the payments of $150.00 per month. When this rule was tried all parties agreed he was $225.00 in arrears.
We distinguish those cases cited by appellant because those generally dealt with a party’s attempt to completely avoid support payments. Such is not the situation in the instant case. We hold that appellee’s move to Tennessee was in good faith and not merely an attempt to avoid support payments. Even though appellee’s qualifications indicate that he has the potential for higher earnings (as noted by the trial court), we cannot say that his change in circumstances was unreasonable or unjustified. There is ample evidence to support the conclusion that a good faith effort was made to obtain the best employment available.
AFFIRMED.

. Appellee was also a member of the New Orleans Police Department, and received extensive training with that department in the paramedical field.