558 So.2d 1352 (1990)
Pamela Pipes KAYE
v.
Neal Wallace KAYE.
No. 89-CA-1134.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
Rehearing Denied April 19, 1990.
*1353 D. Douglas Howard, Jr., Cindy M. Harris, New Orleans, for plaintiff/appellee.
Barbara J. Ziv, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Appellant Neal W. Kaye seeks review of the trial court's denial of his amended rule to reduce child support. We reverse and award Mr. Kaye a reduction of $100 per month per child.
Facts
Appellant and appellee, Pamela Pipes Kaye, were married October 19, 1974. They produced two children, Ashley Kaye and Neal Kaye III, prior to their judgment of separation on August 16, 1985. At the time of the separation, they entered into a consent judgment, with Mr. Kaye obligating himself to pay $1,100 per child per month in child support plus $600 per month tuition. He also agreed to provide medical/hospitalization insurance for the children.
The consent decree was modified by judgment of the trial court dated February 3, 1987, when the court found a material change in Mr. Kaye's circumstances based on the loss of his position as president of Dixie Brewing Co. and the reduction of his income from $100,000 per year to $40,000 per year he made in his new job as a financial consultant for Merrill-Lynch. The trial court granted Mr. Kaye an "abatement" of $500 per child per month, but stated that the abated amounts should be "accumulated." The trial court later rescinded the abatement and ordered Mr. Kaye to pay the accumulated amounts. On appeal, this court held that the "abatement" was actually a reduction and invalidated the accumulation. Kaye v. Kaye, 529 So.2d 879 (La.App. 4th Cir.1988). As a result, Mr. Kaye was thereafter required to pay only $600 per month per child.
Mr. Kaye then filed an amended rule to reduce child support, based on two alleged changes in circumstances: (1)a decrease in his income from $40,000 per year to $20,000 and (2) Mrs. Kaye's employment subsequent to the last hearing on the issue.
At trial on the rule, held January 30, 1989, Mr. Kaye testified that the $40,000 annual income he initially received from Merrill-Lynch was reduced to $2,000 per month after his training period and that the $2,000 salary was really a "draw" on his commissions. He stated that he owed the company $1,200 as of December 31, 1988. On cross-examination concerning the deposits to his bank accounts, which were greatly in excess of $2,000 per month, he said that he had been forced to sell his house and that some $35,000 from the sale of the house had gone through his accounts. He stated that he used that money to renovate the apartment where he moved after his house sold, to put a new engine in his car ($15,000) and to pay debts.
Mrs. Kaye testified that she had grossed $16,102.89 as of September 30, 1988 in her job as manager/buyer for a boutique called "The Ring and the Rose," where she began working part-time in June of 1987. She stated that she also receives $300 per month from property rental, as well as $300 to $400 per year training carnival kings and queens. Although she had been training carnival kings and queens prior to the termination of her marriage, the other income was added since the last hearing on the issue.
The trial court denied Mr. Kaye's rule, finding that he failed to show a change in his circumstances since the former judgment *1354 was issued on February 3, 1987. The court found that Mr. Kaye had approximately $20,000 in funds available from the sale of his house, which could have been used to pay his child support obligation and which made up for the decrease in his salary. The judgment states that Mr. Kaye was in bad faith in choosing to spend his money in the manner he selected. Mrs. Kaye's new job was not addressed in the reasons for judgment.
Change in Circumstances
Reduction of alimony to a former spouse or to children of a former marriage has long been governed by La.C.C. art. 232, which states as follows:
When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.
Jurisprudence interpreting the above article has imposed the requirement that the party petitioning for a reduction in alimony prove a change in circumstances in order to establish a prima facie case. That requirement was recently codified in LSA-R.S. 9:311, which provides, in pertinent part, as follows:
(A) An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
As recognized by this court in its previous opinion in this case, the above article places only one burden on a party, such as Mr. Kaye, who is seeking a reduction in his child support obligationhe must prove a change in either his own circumstances or the circumstances of the party opposing the reduction. Kaye v. Kaye, 529 So.2d 879, 882 (La.App. 4th Cir. 1988). Once the obligor spouse proves a change in circumstances, he is presumed to be entitled to a reduction in his support obligations. The burden then shifts to the party opposing the reduction to either disprove the change in circumstances alleged by the obligor or otherwise overcome the presumption that the obligor is entitled to a reduction by proving that the change was caused by the obligor's own voluntary actions or by proving other facts mitigating against the reduction.
In the instant case, Mr. Kaye made two allegations in support of his rule to reduce. First, he claimed that his income had decreased from $40,000 per year to $2,000 per month since the previous award was made. Mr. Kaye's testimony on direct examination was sufficient to establish a prima facie case that his circumstances had changed because of a decrease in his salary. However, that allegation was disproved by Mr. Kaye's own answers to questions from Mrs. Kaye's counsel. Mrs. Kaye proved that Mr. Kaye had more funds at his disposal than he admitted. Therefore, Mrs. Kaye met her burden of overcoming the presumption that Mr. Kaye was entitled to a reduction in child support based on this issue. Mr. Kaye stated on redirect that the "extra" money represented the proceeds from the sale of his house, from which he received between $30,000 and $35,000. The trial judge found that Mr. Kaye had approximately $20,000 available from the sale of his house which he could have used to pay his child support obligations, thereby finding that Mr. Kaye had not suffered a change in circumstances entitling him to reduction of his child support obligations. We find no manifest error in that holding.
However, the trial judge failed to address Mr. Kaye's second allegation in her reasons for judgment. Besides the alleged decrease in his own income, Mr. Kaye claimed that he was entitled to a reduction in his child support obligation because of a change in his former wife's circumstances, namely her employment at a salary of approximately $18,000 annually, as well as her receipt of rental proceeds of $300 per *1355 month, for a total of $3,600 annually, all of which Mrs. Kaye was not receiving at the time of the previous hearing. Certainly Mrs. Kaye's own testimony on cross-examination established that her circumstances had changed as described above. Mr. Kaye therefore met his burden of proving a change in circumstances, raising the presumption that he was entitled to a reduction in child support.
On direct examination, Mrs. Kaye did not rebut Mr. Kaye's case, instead she concentrated her testimony on her own allegations that Mr. Kaye has not taken sufficient steps to collect on the debt owed him by Crown and that he had never tried to secure a second job. Mrs. Kaye stated at trial that she had to have a job because she could not make ends meet after Mr. Kaye's child support obligation was reduced at the previous hearing.
Nevertheless, Mrs. Kaye failed to overcome the presumption that Mr. Kaye was entitled to a reduction in his child support obligation on this issue. Mr. Kaye established, through Mrs. Kaye's own testimony, that Mrs. Kaye was earning approximately $1,800 per month gross salary, not reduced by taxes, which she did not have at the time of the previous hearing. Mr. Kaye's child support obligations were reduced $1,000 per month at the previous hearing. Therefore, Mrs. Kaye's resources were improved by $800 per month as compared to her circumstances at the time of the previous hearing, even if the reduction in Mr. Kaye's child support obligation is considered. Mrs. Kaye has not even attempted to prove that the needs of the children have increased. Therefore, on the record as it stands, Mr. Kaye met his burden of proving entitlement to a reduction; Mrs. Kaye failed to overcome the presumption arising from that proof.
For the above and foregoing reasons, the judgment of the trial court denying Mr. Kaye's rule to reduce child support is reversed. Mr. Kaye's child support obligation is reduced by $100 per child per month, for a total reduction of $200 per month. Mr. Kaye's child support obligation will henceforth be $500 per child per month.
REVERSED AND RENDERED.

ON REHEARING
PER CURIAM.
In our original opinion, we stated that Mr. Kaye would "henceforth" be entitled to a reduction of $200 per month in his child support obligations. Under the provisions of LSA-R.S. 9:310, the reduction should be made retroactive to the filing date of his petition for reduction. Therefore, the reduction in child support shall be retroactive to June 21, 1988.