561 So.2d 867 (1990)
Bebe Gaulding GOODALL, Plaintiff/Appellant,
v.
Richard A. GOODALL, Defendant/Appellant.
No. 21402-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
*868 William G. Nader, Shreveport, for plaintiff/appellant.
Pringle & Herzog by John R. Herzog, Shreveport, for defendant/appellant.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
The mother, Bebe Goodall Cheek, appeals a modification of child support judgment that lowered the father's child support obligation from $1,000 per month ($500 per child) to $750 per month ($375 per child). The judgment, signed May 31, 1989, retroactively reduced the award to January 1, 1989. It also denied Mrs. Cheek's request for sole custody of the children and for past due child support; ordered the father, Richard Goodall, to keep medical insurance coverage on the children and pay all of their medical expenses; and granted Mrs. Cheek tax exemptions for both children. Mrs. Cheek contends the trial court erred in finding a substantial change in the financial circumstances of the parties and, alternatively, if there was a substantial change, in not finding that it was voluntary on Goodall's part. Mr. Goodall also appealed, claiming the trial court erred in 1) not further reducing the child support award; 2) awarding Mrs. Cheek child support during a month when he has domiciliary custody; 3) giving Mrs. Cheek tax exemptions for both children; 4) and in considering the income of his new spouse, despite a separate property agreement. For the following reasons, we find no error or abuse of discretion and affirm the judgment.

FACTS
The parties, Richard Goodall and Bebe Cheek, were married in 1974. Two children, Benjamin and Jamie, ages 11 and nine at the time of trial, were born of the marriage. The parties were legally separated in November 1986 and divorced by judgment signed September 11, 1987. The divorce judgment granted Mrs. Cheek a divorce based on living separate and apart without reconciliation for six months after the judgment of separation. By agreement, *869 it granted joint custody of the children; ordered Mr. Goodall to pay his former wife $500 per month per child ($1,000) and pay medical insurance premiums on the children and all of their medical expenses; and allowed each parent to claim one child as an income tax exemption.
Mr. Goodall moved from Shreveport to Dallas in July 1987 to work for businesses owned by members of his family. He had various jobs in the businesses, earning about $2,000 per month working for his brother in a counter top company and $1,000 per month from an insurance company based in Oklahoma. He estimated that his gross income for 1987 and 1988 was about $37,000 per year.
In June 1988 Mr. Goodall remarried. He left his job with the counter top company in September 1988. He testified that the business was financially unable to continue to employ him and that he and his brother could not get along. The month before he resigned his overall salary decreased from $3,000 to $2,600 per month. Mr. Goodall still works for the insurance company, which pays him $1,000 per month. In December 1988 he declared bankruptcy. He moved from Dallas back to Shreveport in January 1989 to start his own photography business. Although this business was losing money, he testified that he had drawn about $325 per month from it.
On December 1, 1988, Mr. Goodall filed a motion for rule to decrease child support. Mrs. Cheek answered and filed a reconventional demand seeking sole custody of the children, an increase in child support, past due child support, tax exemptions for both children, reasonable attorney fees, and requesting that the court hold Mr. Goodall in contempt for habitual tardiness in paying child support. Mr. Goodall continued to make child support payments until March 1989. He admitted that he was in arrears of $500 for March and $500 for April 1989.
The trial court heard the rules on April 20, 1989 and, by judgment signed May 31, 1989, reduced the child support award from $1,000 to $750 per month, retroactive to January 1, 1989; denied Mrs. Cheek's request for sole custody; granted her request for income tax exemptions for both children; and ordered Mr. Goodall to keep medical insurance coverage on the children and pay their medical expenses. Mrs. Cheek's demand for past due child support was denied because of the retroactive application of the child support reduction.

MRS. CHEEK'S ASSIGNMENTS OF ERROR
On appeal, Mrs. Cheek argues that the trial court erred in finding a substantial change in Mr. Goodall's circumstances sufficient to justify reducing his child support payments; alternatively, if there was a change, it was of Mr. Goodall's own making. According to Mrs. Cheek, Mr. Goodall voluntarily quit work at his brother's company without being forced to resign.
Ordinarily, even a consent judgment fixing child support may not be modified absent a showing of a substantial change in circumstances to support the modification. LSA-R.S. 9:311 A; Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987); Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982). A voluntary change of circumstances must be reasonable, justified, and in good faith without the intent to avoid the child support obligation. See Fanguy v. Fanguy, 468 So.2d 667 (La.App. 4th Cir.1985). The trial court is granted considerable discretion in modifying a child support award and its determination will not be disturbed on review unless the record reveals a clear abuse of discretion. Culpepper v. Culpepper, 514 So.2d 701 (La.App. 2d Cir.1987); Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir.1979).
Mr. Goodall testified that he quit working for his brother in September 1988 because the business would no longer support his employment and he and his brother could not get along. He moved back to Shreveport to start his own photography business in December 1988. Consequently, according to Mr. Goodall, his gross income declined from $3,000 to $1,325 per month. He testified that he believed the decline would prove to be temporary. The trial court concluded that this was a substantial change in circumstances justifying modification of the child support award. By implication, it concluded that Mr. Goodall acted *870 in good faith in terminating his job with the counter top distributor and starting his own business. Mrs. Cheek offered no evidence to refute his testimony that the business was in financial difficulty. This was a factual determination and the trial court's credibility evaluation is subject to great weight. Rosell v. Esco, 549 So.2d 840 (La. 1989). We find no error in the trial court's conclusions and, accordingly, find no abuse of discretion in its modification of the child support award.

MR. GOODALL'S FIRST ASSIGNMENT OF ERROR
By his first assignment of error, Mr. Goodall contends that the trial court erred in considering the income of both parties' new spouses, despite the fact that both marriages were subject to separate property agreements. He also argues that if such income should be considered in setting child support, it should be considered only to the extent of the contributions made by the new spouses to the mutual expenses of the parties.
In its oral reasons for judgment, the trial court was silent as to whether it took into account the income of the parties' spouses. Assuming, however, that the court did consider their income in calculating the modification, we find no error. We have held that, in setting child support, it is proper to consider the separate earnings of the second spouse when those earnings are available for payment of expenses incidental to the second marriage. Lustig v. Lustig, 552 So.2d 516 (La.App. 2d Cir.1989). See also Finley v. Finley, 305 So.2d 654 (La.App. 1st Cir.1974); Lewis v. Lewis, 510 So.2d 707 (La.App. 1st Cir.1987). Cf. Alt v. Alt, 433 So.2d 400 (La.App. 4th Cir.1983), which we do not follow. Mr. Goodall and his second wife testified that they evenly shared housing and utility expenses. Mrs. Goodall's contribution to these relatively fixed expenses increased Mr. Goodall's income available for child support. Thus, even though the new Mrs. Goodall's income is contractually insulated from Mr. Goodall's separate estate, this income is indeed relevant in determining his monthly expenses and net income. Accordingly, assuming the trial court did consider the income of Mr. Goodall's second wife in fixing the amount of support, we find no error.

MR. GOODALL'S SECOND ASSIGNMENT OF ERROR
By this assignment of error, Mr. Goodall contends that the trial court erred in 1) ordering him to pay child support during a month when he has full-time custody of the children; 2) not further reducing the child support award; and 3) giving Mrs. Cheek income tax exemptions on both children.
The trial court has considerable discretion in the modification of child support and its determination will not be disturbed on review absent a clear abuse of discretion. Culpepper v. Culpepper, supra. The trial court is also vested with considerable discretion in fixing the amount of child support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Sims v. Sims, 457 So.2d 163 (La.App. 2d Cir.1984).
In 1987 and 1988, Mr. Goodall earned approximately $3,000 per month. He now is earning about $1,325 per month, although he testified and the trial court found that this decline would probably be temporary. Since the divorce, Mrs. Cheek has started work, earning about $876 per month. Both parties have remarried, executed separate property agreements with their respective spouses, and both new spouses earn approximately $2,000 per month. Mrs. Cheek testified that the needs of the children have increased since the divorce. After considering the financial circumstances of both parties and the needs of the two children, the trial court reduced Mr. Goodall's child support obligation from $1,000 to $750 per month. Under the facts and circumstances of this case, we find no abuse of discretion in the trial court's decision not to set the total award lower than it did.
Mr. Goodall's complaint that the trial court ordered him to pay child support during a month when he has full-time custody is also without merit. Many of the children's expenses are fixed and incurred regardless of who has custody. Examples of such expenses are housing, clothing, *871 school tuition, and utilities. Mrs. Cheek testified that she would not live in as big a house if she did not have custody of the children. We find no abuse of discretion in the court's allocation of child support. See Ritter v. Ritter, 491 So.2d 149 (La.App. 3d Cir.1986).
The trial court granted Mrs. Cheek tax exemptions for both children in order to compensate her for the reduction in child support. It stated that if Mr. Goodall increased his income back to an amount where he could pay the original $1,000 in child support, it would consider giving him back one of the tax exemptions. Under these circumstances, we find no abuse of the trial court's discretion in its decision to establish this tradeoff. LSA-C.C. art. 146 A(1)(c)(ii); Black v. Black, 460 So.2d 1175 (La.App. 2d Cir.1984), writ denied 463 So.2d 1318 (La.1985).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be assessed equally to both parties.
AFFIRMED.