799 So.2d 810 (2001)
Patricia Moreland ROMANS
v.
John Michael ROMANS.
No. 01-587.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
Patrick L. Boothe, Jonesville, LA, Counsel for Plaintiff/Appellee Patricia Moreland Romans.
Jack F. Owens, Jr., Harrisonburg, LA, Counsel for Defendant/Appellant John Michael Romans.
Court composed of NED E. DOUCET, JR., Chief Judge, HENRY L. YELVERTON, and GLENN B. GREMILLION, Judges.
DOUCET, Chief Judge.
In a judgment signed February 20, 2001, Defendant-in-rule, John Michael Romans (Michael), was ordered, in part, by the district court to pay his estranged wife, Patricia Moreland Romans, child support for their two minor children in the following amounts: for July and August 2000 $1,160.08 per month and for September 2000 and thereafter$947.00 per month. He was also ordered to pay interim spousal *811 support as follows: for July, August and September 2000$236.00 per month; for October and November 2000$1,000.00 per month; and for December 2000 and continuing to six months after the date of the couple's divorce$600.00 per month. Mr. Romans appeals the foregoing portion of the district court judgment raising two issues: 1) the trial court erred in awarding Ms. Romans interim spousal support as she failed to meet her burden of proof under La.Civ.Code art. 113; and 2) the trial court erred in finding Mr. Roman voluntarily underemployed for the purposes of calculating his child support and interim spousal support obligations. We affirm the judgment of the trial court.

FACTS
Patricia and Michael Romans were married in Concordia Parish on August 15, 1992. One son, Dustin Michael Romans, was born to the couple on May 5, 1995. A few months before the couple separated, Michael adopted Blake Lenzy Romans, a daughter of Patricia's from a former marriage. The couple separated on June 28, 2000 and Ms. Romans filed a "Petition for Divorce and Ancillary Matters" on June 30, 2000. This rule arises in that proceeding.

LAW AND DISCUSSION
In Dagley v. Dagley, 96-1796, p. 4 (La. App. 4 Cir. 5/21/97); 695 So.2d 521, 522-23, our brethren of the fourth circuit observed as follows:
A spouse demonstrates a need for alimony pendente lite if she demonstrates that she lacks sufficient income to maintain the style or standard of living that she enjoyed while residing with other spouse during the marriage. Hollowell v. Hollowell, 437 So.2d 908 (La.App. 2d Cir.1983). Once a spouse establishes that she has insufficient income for maintenance, the trial court may award a sum for that spouse's support proportioned to the needs of the claimant spouse and the means of the other spouse. La. C.C. art. 111. The burden is on the claimant spouse to establish the insufficiency of her income in proportion to the means of the other spouse. Terjersen v. Terjersen, 420 So.2d 704 (La.App. 4th Cir.1982). The determination of the means of one spouse to satisfy the alimony pendente lite obligation is based on income but also on any resource from which the wants of life may be supplied, and the entire financial condition of that spouse must be examined. Whatley v. Whatley, 430 So.2d 129 (La.App. 2d Cir.1983). A trial court is vested with wide discretion in determining the amount of alimony of [sic] pendente lite and appellate courts will not disturb such awards absent manifest error. Lamb v. Lamb, 427 So.2d 899 (La.App. 3d Cir.1983).
In the case sub judice, testimony and evidence established that Patricia, who does not have a high school diploma, did not work during the marriage except for the first three months after Michael left. Ms. Romans stated she worked as a waitress at Rena's Restaurant in Vadalia, but quit after her sister, who was providing child care, died. Ms. Romans' income for those three months was $864.00 per month. Ms. Romans testified that child care would cost her $10.00 per day per child or $430.00 per month. The trial judge used those figures in calculating Mr. Romans' obligations.
Ms. Romans filed an income and expense sheet showing her expenses for herself and the two children to be $2,246.00 per month. While she and Mr. Romans were living together, he was the sole support of the family. Mr. Romans was employed by Diamond Offshore as a crane operator and according to their 1999 tax return, he earned $50,591.00 (this averages *812 out to $4,216.00 per month). Mr. Romans filed no income and expense sheet, but testified at the trial of the matter that he had various expenses totaling $1,195.50.
Considering the above figures we find no error in the trial court's award to Ms. Romans of interim spousal support in the amounts specified.
As to the second issue raised on appeal, Mr. Romans' voluntary underemployment, we find the facts in this case somewhat similar to those in McHale v. McHale, 612 So.2d 969 (La.App. 2 Cir. 1993), where the court refused to grant a reduction in child support to a father who voluntarily left a $4,000.00 per month job in Florida to accept a $2,200.00 per month job in Louisiana in order to be close to his children. In this case, Mr. Romans testified that he voluntarily left his $4,216.00 per month job with Diamond Offshore to accept a land-based job with Con X, paying $16.00 per hour or $2808.00 per month. But unlike, Mr. McHale, Mr. Romans did not switch jobs to be closer to his children, but, instead, Mr. Romans switched jobs so that he could be home nights with his girlfriend in Texas.
If a party is voluntarily unemployed or underemployed, child support must be based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated or is caring for a child of the parties under the age of five years. La. R.S. 9:315.9. Voluntary underemployment is a question of good faith on the obligor spouse. Havener[ v. Havener, 29,785 (La.App.2d Cir.08/20/97), 700 So.2d 533], supra; Gould v. Gould, 28,996 (La.App.2d Cir.01/24/97), 687 So.2d 685. The trial court, however, has wide discretion in determining the credibility of the witness; whether the obligor spouse is in good faith in ending or reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Havener, supra; Gould, supra; McHale v. McHale, 612 So.2d 969 (La.App. 2d Cir.1993). The trial court's conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. Havener, supra; Timmons v. Timmons, 605 So.2d 1162 (La.App. 2d Cir.1992), writ denied, 608 So.2d 195 (La.1992); Miller v. Miller, 475 So.2d 40 (La.App. 2d Cir.1985).
Curtis v. Curtis, 34,317, pp. 9-10 (La.App. 2 Cir. 11/1/00); 773 So.2d 185, 192. We find no error in the trial court's factual determination regarding this issue.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Defendant in Rule, John Michael Romans.
AFFIRMED.