| (YELVERTON, J.
James Gefroh appeals a judgment reducing the child support obligation of his former wife, Shelly Jo Gefroh. For the following reasons, we affirm the trial court’s decision.
The Gefrohs married in 1983, and three children were born of the union. On July 29, 2000, the two separated. Shelly Jo withdrew to St. Louis, Missouri, where she temporarily stayed with her sister. On August 11, 2000, James filed for divorce under Louisiana Civil Code Article 102. Because the petition was filed while Shelly Jo was in St. Louis, James had a curator ad hoc appointed to represent her.
Shelly Jo returned to her home in Louisiana on August 15, where she resumed residence with James. On August 17, while she was staying in the community home, a restraining order was placed on her, enjoining her from going near the house. However, since service of citation had been mailed to St. Louis by the curator ad hoc, she was unaware of the order until August 31, 2000. On that date, after Shelly Jo had resumed residence in the community home for over two weeks, *603 James called the sheriffs department to have her removed from the home for violating the restraining order. Shelly Jo went back to St. Louis.
On October 20, 2000, a rule was heard to determine child custody and support. Shelly Jo made no appearance. She testified later that she was still in St. Louis and unemployed, and could not travel to the hearing due to a lack of transportation. A judgment on the rule was entered awarding James exclusive use of the community business, sole custody of the three children, child support, and medical and dental insurance coverage for them. At this time, the support obligation imposed on Shelly Jo was $539.10 per month. This was based on James’s testimony that she was | ^making $400 a week, same as he was, from the family business. The Gefrohs owned a community business selling dolls. The “use” of the business was given exclusively to James by the judgment on rule which was signed November 28, 2000.
Sometime after that rule was heard, Shelly Jo found work in St. Louis as a cocktail waitress. She earned $1,200 a month there. In January 2001, wanting to be near her children, Shelly Jo moved back to Louisiana. She could not find full-time but found part-time employment. She testified that she could have found full-time work in a dance hall but she did not want to do that kind of work. She filed a motion requesting a reduction in the amount of the child support award, claiming that the support was not commensurate with the respective incomes of the parties. The trial court agreed with Shelly Jo and reduced the child support obligation to $200.39 per month, retroactive to February 1, 2001, and further reduced it to $159.79 effective June 1, 2001, because by the latter date the oldest child would have attained the age of 18.
From this decision James appeals, claiming that Shelly Jo is voluntarily underemployed. The claim that she became voluntarily underemployed is based on the contention that she was working full-time in St. Louis, but only part-time when she returned to Louisiana. She admitted that if she returned to St. Louis she could go back to her job as a cocktail waitress there. We find that Shelly Jo was not voluntarily unemployed in the sense contemplated by the law.
Parents have a conjoint obligation to support their children in proportion to his or her resources. Stogner v. Stogner; 98-3044 (La.7/7/99); 739 So.2d 762; La.Civ.Code art. 227. A child support obligation is subject to modification only when justified by the circumstances, and the party seeking the modification has the Isburden of proving that a change in circumstances has occurred since the fixing of the prior award. La.R.S. 9:311. A reduction of child support may be ordered on a showing by the party seeking the reduction that a change in circumstances has occurred; that the voluntary change of circumstances is reasonable and justified; that he or she is in good faith in not attempting to avoid his alimentary obligation; and his or her action will not deprive the child or children of continued reasonable financial support. McHale v. McHale, 612 So.2d 969 (La.App. 2 Cir.1993).
The trial court has wide discretion in determining credibility issues, and whether the obligor is in good faith in reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97); 700 So.2d 533.
There is no evidence at all that Shelly Jo was trying to avoid her alimenta *604 ry obligation. When the child support judgment was rendered against her, she was not employed in St. Louis. Her only source of income was the community business. She lost the only source of income she had when exclusive use of the community business was awarded to James. While she did find work later, the level of income received from neither of her ensuing jobs amounted to the level imputed to her in the making of the initial award. Accordingly, the trial court found that a change in circumstances had occurred that warranted a decrease in the amount of the support paid by Shelly Jo.
The court heard evidence concerning Shelly Jo’s search for employment in Vernon Parish, noted that she was indeed working, and based the reduced support award on evidence of her new rate of pay. The trial court found that Shelly Jo was in good faith in reducing her income, believing that she was not attempting to avoid | ¿her support obligation in moving back to Louisiana. The trial court did not abuse its discretion.
For the reasons assigned, the decision of the trial court is affirmed. Costs of this appeal are to be assessed to James Gefroh.
AFFIRMED.