NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-73

MELISSA ETELE HANKS-BORDELON

VERSUS

CHRISTOPHER WAYNE BORDELON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 70380-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

Marcus L. Fontenot
Fontenot Law Office
P. O. Box 69
Ville Platte, LA 70586
(337) 363-2388
COUNSEL FOR DEFENDANT/APPELLEE:
    Christopher Wayne Bordelon

**Melissa Etele Hanks-Bordelon**
**In Proper Person**
**3600 Kaliste Saloom, Apartment 511**
**Lafayette, LA 70508**
**(337) 678-2647**

**GREMILLION, Judge.**

On July 23, 2013, the trial court fixed the child support obligation of Plaintiff/Appellant, Ms. Melissa Etele Hanks-Bordelon, at $700.00 per month payable to Defendant/Appellee, Mr. Christopher Wayne Bordelon. This was an increase of $400.00 per month, and Ms. Hanks-Bordelon appeals that judgment. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Bordelon and Ms. Hanks-Bordelon were divorced in January 2009. Joint custody of their three children was established by a consent judgment, which recognized Mr. Bordelon as domiciliary parent.

Ms. Hanks-Bordelon was sentenced by the United States District Court for the Western District of Louisiana to serve eighteen months incarceration followed by three years of supervised probation for mail fraud. She served her sentence in West Virginia and was released to a half-way house in Lake Charles, Louisiana. She then entered the employ of Mr. Daniel Stanford, a Lafayette, Louisiana, attorney. A condition of Ms. Hanks-Bordelon's release is that she is prohibited from entering into any contract. This effectively prevents her from procuring housing, a car, and many other essentials of modern life; accordingly, many of her expenses are secured through her employment with Mr. Stanford, who pays her rent, utilities, cable, and other expenses of approximately $1,283.00 per month.

On May 12, 2012, Ms. Hanks-Bordelon was ordered to pay $300.00 per month child support to Mr. Bordelon. In February 2013, Mr. Bordelon filed a rule to increase Ms. Hanks-Bordelon's obligation because she had experienced a change in circumstance, i.e., had begun making more money.

During the July 2013 hearing on Mr. Bordelon's rule, the following facts were adduced. In August 2012, Ms. Hanks-Bordelon received a diploma from Kaplan University in paralegal studies. According to a market study, Ms. Hanks-Bordelon should have been earning $3,300.00 per month. Mr. Bordelon argued that this represented a change in her circumstances as contemplated by La.R.S. 9:311, warranting the modification of his child support award.

Mr. Bordelon introduced a Louisiana Workforce Commission market survey that demonstrated that a paralegal in the Lafayette market should be making, on average, $39,000.00 per year. Ms. Hanks-Bordelon does not make that much working for Mr. Stanford because he had asked for a two-year commitment from her and that period was not up. Considering the expenses Mr. Stanford paid on Ms. Hanks-Bordelon's behalf, the trial court found that her monthly income is $2,633.00. Mr. Bordelon earns $4,100.00 per month.

In reasons for judgment, the trial court found that both parties were underemployed and that Ms. Hanks-Bordelon was "better off financially" than in the spring of 2012 when her obligation was fixed at $300.00 per month. Therefore, her obligation was increased to $700.00.

## ANALYSIS

"An award for support shall not be modified unless the party seeking modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." La.R.S. 9:311(A)(1).

A trial court's conclusions regarding the underlying facts in a child support matter are reviewed under the manifest error/clearly wrong standard. *Romans v. Romans*, 01-587 (La.App. 3 Cir. 10/31/01), 799 So.2d 810. We review the record

in its entirety to determine whether it reflects that the trial court has a reasonable basis for its factual conclusions. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

Ms. Hanks-Bordelon argues that the trial court manifestly erred in finding that she was earning more than before the 2012 hearing. We disagree. The evidence demonstrates that in 2012, the trial court found that Ms. Hanks-Bordelon was earning $2,424.00 per month. She testified at the hearing on the present matter that her income had in fact increased to $2,633.00. There exists ample evidence in the record to support the trial court's factual findings.

## CONCLUSION

An increase in a parent's earnings represents a material change in circumstances that warrants modification of a child support award. Ms. Hanks-Bordelon's own testimony establishes that her income had increased since the trial court's previous order. The trial court did not manifestly err in increasing the child support obligation Ms. Hanks-Bordelon owes. The judgment of the trial court is affirmed, and all costs of this appeal are taxed to defendant/ appellant, Melissa Etele Hanks-Bordelon.

**AFFIRMED.**