573 So.2d 1164 (1991)
Mabel Anglade, Wife of Franklin D. TOUPS
v.
Franklin D. TOUPS.
No. 90-CA-558.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
*1165 Judy Cannella Schott, New Orleans, for plaintiff-appellant.
James A. McPherson, New Orleans, for defendant-appellee.
Before KLIEBERT, GRISBAUM, and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal from a judgment reducing the father's monthly support obligation to the minor child from $1,600 to $400. Because we believe that the district judge committed clear error in ordering the reduction we reverse the district court's judgment, reinstate the prior support judgment and remand the case for further proceedings.
Isabel Anglade and Franklin Toups were divorced in 1981. Since that time the parental support obligation has been at issue.
In 1986, on contradictory rule, Toups' support obligation was increased from $400 to $1,600 per month, for the benefit of his minor son. The child, Michael, was then 12 years old. He suffered from epilepsy and exhibited related medical and emotional problems that required special schooling and at-home care. Toups v. Toups, 506 So.2d 173 (La.App. 5 Cir.1987).
In February, 1988, Anglade and Toups each brought rules to alter the support obligation; she because the minor had entered high school, he alleging a major change in circumstances that obliged him to liquidate his financial assets. By consent judgment both rules were denied and Toups' $1,600 per month support obligation was continued in effect.
In September, 1988 Toups, then a licensed physician, was arrested and charged with criminal violations related to narcotics possession and distribution. He brought a civil rule to decrease his support obligation contending that his arrest had and would result in decreased earning ability. Anglade filed a motion for summary judgment seeking a denial of Toups' motion to decrease. She argued that Toups' arrest was the result of his voluntary illegal activity which could not form the basis of a move to *1166 reduce his child support obligation. The district court denied the grant of summary judgment and ordered that the $1,600 per month support obligation be continued in effect, pending completion of his criminal trial at the district level.
Toups executed a consent agreement with the Louisiana State Board of Medical Examiners by which he was placed on probation, a special condition of which was that he attend a medical continuing education program and perform community service.
Toups pleaded guilty to narcotics violations in April, 1989. Anglade re-urged her motion. In August, 1989, the district court granted her summary judgment and decreed that Toups was prohibited from using any effect of his criminal activities, arrest, conviction or sentence as a change in circumstances in a child support reduction rule.
In October, 1989, Toups' license to practice medicine in Louisiana was revoked as a result of his sale of controlled dangerous substances, his guilty plea, and his failure to perform special conditions of the April, 1988 probation.
In April, 1990, Toups filed a rule to decrease his support obligation on the basis that the revocation of his medical license caused a severe reduction in his earnings. He also contended that Anglade had enjoyed an income increase. Anglade responded. She pleaded an exception of res judicata arguing that the August, 1989, prohibitory judgment barred re-litigation of the change in circumstances issue at trial of the instant rule. She filed a motion for summary judgment seeking to prohibit Toups from using the change in circumstances argument as a basis for reduction of the support obligation. She sought support arrearages.
The rules were tried in June, 1990. The parties stipulated that Anglade's income was not at issue in the rule. The district court denied the res judicata exception finding that the license revocation resulted in a change in circumstances not contemplated at the time of the August, 1989 prohibitory judgment. The court found that the issues of whether Toups had voluntarily reduced his earning capacity and the extent of his potential employability precluded a grant of summary judgment. Toups then testified on the merits of the rule to decrease. He stated that he was not then employed but was attempting to create a medical research business. He was awaiting payment on two consulting jobs. Toups' current wife earned $600-$700 per month. Toups believed he could earn a monthly salary of $1,000 to $1,500 were he able to find employment. The district court found that Toups' earning potential was diminished by the license revocation. It estimated his potential monthly income at $2,500 and reduced his support obligation to $400 per month.
Anglade appeals the denial of the exception of res judicata, the denial of the motion for summary judgment and the reduction in child support.
The judgment, insofar as it reduces the support obligation, is final and appealable. LSA-C.C.P. art. 1841. Although examination of the interlocutory judgments denying both the peremptory exception and the summary judgment might have been more appropriate on supervisory writ, the potential for irreparable harm and the avoidance of piecemeal litigation oblige us to examine the correctness of these rulings at this time. LSA-C.C.P. arts. 2083, 2164.
Anglade's exception of res judicata was premised on the argument that the August, 1989 judgment prohibiting Toups from using the effect of his criminal activities as a ground for child support reduction barred his re-litigation of the issue in the 1990 rule to decrease on the basis that his license had been revoked and his consequent earning power diminished. Though the argument is persuasive, the "cause" in both rules is not identical. The doctrine of res judicata did not bar Toups' 1990 rule for support reduction; the peremptory exception was properly denied. LSA-R.S. 13:4231; Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
Anglade alternatively argued that she was entitled to summary judgment dismissal *1167 of Toups' 1990 rule to decrease because since the license revocation was the product of his own voluntary criminal activity it could not legally form the basis of a plea for support reduction. Toups' response was that the prohibition to practice medicine resulted from causes other than the fact that criminal charges had been brought against him.
The district judge was correct in his conclusion that whether the license revocation was the result of Toups' voluntary conduct, and his consequent reduced earning potential were unresolved issues of fact. The district court properly denied the motion for summary judgment. LSA-C.C.P. art. 966.
With respect to the merits of the support issue we find that the district court abused its discretion in reducing Toups' obligation toward his minor son. Hogan v. Hogan, 549 So.2d 267 (La.1989).
Each parent owes an obligation to support, maintain and educate his children in proportion to his resources. LSA-C.C. art. 227. The amount of a child support award is determined on the totality of the circumstances. The amount of support is fixed by considering the needs of the child as well as the means available to the parties obligated to pay it. McManus v. McManus, 528 So.2d 1105 (La.App. 3 Cir. 1988). Should the parent prove that he is unable to meet the obligation, he may obtain a reduction or discharge by showing that he has experienced a change in circumstances from the time of the previous award, LSA-C.C. art. 232; R.S. 9:311. He is not relieved of his support liability unless it appears that he is not only unemployed, but unemployable. Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3 Cir.1984).
Proof of a change in circumstances does not justify reduction of a child support award where the inability to pay arises from the obligor's own voluntary actions which render the performance difficult, if not impossible. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). Once the mover-parent makes out a prima facie case for reduction, the burden shifts to the respondent-parent to disprove the change or refuse the entitlement with proof that the change in circumstances was caused by the moving parent's voluntary action or by proving other facts mitigating against reduction. Kaye v. Kaye, 529 So.2d 879 (La. App. 4 Cir.1988). Proof that the parent has brought about his own unstable financial condition precludes reduction of the support obligation. Gros v. Gros, 463 So.2d 37 (La.App. 5 Cir.1985).
Toups showed that due to the license revocation he no longer enjoys the income associated with a practicing physician. However, he is clearly employable. He has held two consulting jobs since the revocation. On cross-examination Anglade elicited testimony that the license revocation resulted not only from the arrest, but also Toups' own failure to complete the probation imposed. It was legal error for the court to reduce Toups' support obligation on this basis.
Once the issue of the license revocation is removed from the proceeding, the record is virtually devoid of a change in circumstances in the economic status of either parent. There is not one word of testimony about the current status of the child. Because the statutory guidelines for fixing the support obligation were not followed in this case, the presumption that the reduction was correct does not apply. LSA-R.S. 9:315 et seq. As a consequence, we have insufficient evidence on which to render a de novo support award, but rather must remand for retrial of the rule.
We remand with these instructions. The fact of the license revocation alone is not a basis for a reduction of the support obligation. Realistically, the fact that Toups can no longer practice medicine must be considered. The issue of whether support reduction is appropriate, however, can only be answered after introduction of evidence on Toups' current employment or employability, Anglade's financial situation and the economic needs of young Michael Toups.

DECREE
The district court judgment is affirmed insofar as it denies the exception of res *1168 judicata and motion for summary judgment.
The district court judgment is reversed insofar as it reduces Franklin Toups' obligation to support the minor child from $1,600 to $400 per month. As a result the district court judgment of June 4, 1986, is reinstated with the consequent responsibility of Toups to bring the payments up to date.
The case is remanded for further proceedings. Costs are taxed to Franklin Toups.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.