701 So.2d 746 (1997)
STATE of Louisiana Thru The DEPARTMENT OF SOCIAL SERVICES, OFFICE OF FAMILY SUPPORT in the Interest of Kenja SEALS, Minor Child of Katrina Cooper
v.
Paul SEALS.
No. 97-CA-1508.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1997.
*747 Harry Connick, District Attorney, Ronda L. Thomas, Assistant District Attorney, Elizbeth P. Duffy, Assistant District Attorney, New Orleans, for Appellant.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
On behalf of the minor, Kenja Cooper, the State appeals a judgment granting the father a reduction in his child support obligation. We affirm as amended and remand.
Pursuant to La. R.S. 46:231 et seq., the State of Louisiana through the Department of Social Services brought a paternity and child support action against Paul Seals ("Seals") on behalf of the minor, Kenja Seals. At the trial of the matter, Seals stipulated[1] to his paternity of Kenja and on March 20, 1992, the court ordered Seals to pay $225.00 per month in child support and to maintain health insurance for Kenja.
In January, 1997, Seals filed a rule to decrease child support citing unemployment as the reason for the reduction. At the hearing on the rule to decrease, Seals testified that he is financially incapable of meeting his support obligation because he lost his job as a licensed practical nurse after his arrest on drug charges. Since his arrest, Seals stated that he has completed a five week substance abuse program, presently attends weekly counseling sessions and participates in group support meetings. He is married and his wife is employed. He initially stated that he was unemployed and then explained that he performs general manual labor, when he can get it and is attempting to determine his status with the State Board of Practical Nursing regarding his nursing license. Further, he stated that he is asking only for a temporary reduction until he gets his professional life in order.
Katrina Cooper, Kenja's mother, testified that she holds three jobs from which she earns approximately $19,000 annually.[2] Ms. Cooper further testified that she received support payments from Seals until he lost his job.
The court concluded that Seals proved a change in circumstances and in its judgment of March 5, 1997, the court reduced Seals' support payment to $70.00 per month, ordered him to pay an additional $70.00 per *748 month to defray support arrearages, and relieved him of the obligation to provide medical insurance for Kenja. At the hearing the court cited as reason for the reduction Seals' loss of employment occasioned by substance abuse. The State's appeal followed.
On appeal, the State argues that Seals is not entitled to a reduction because a change in circumstance occasioned by an obligor's voluntary criminal activity is not grounds for reduction under La. R.S. 9:311.
A child support obligation is subject to modification only when justified by the circumstances, and the party seeking the modification has the burden of proving that a change in circumstances has occurred since the fixing of the prior award. La. R.S. 9:311; Bailey v. Bailey, 527 So.2d 1030 (La.App. 2 Cir.1988), writ denied 528 So.2d 565 (La. 1988). Once a moving party proves a change in circumstances, he is presumed to be entitled to a reduction in his support obligation. The burden then shifts to the opposing party to either disprove the change or otherwise overcome the presumption that the obligor is entitled to a reduction by proving that the change was caused by the obligor's own voluntary actions or by proving other facts mitigating against the reduction. Polk v. Polk, 626 So.2d 1233 (La.App. 4 Cir.1993), writ denied 94-0066 (La.2/11/94), 634 So.2d 381. A trial judge's order of child support is entitled to great weight and will not be disturbed on appeal absent a clear abuse of this considerable discretion. Langley v. Langley, 96-0414 (La.App. 4 Cir. 9/18/96), 681 So.2d 25, writ denied 96-2489 (La.12/6/96), 684 So.2d 935.
Proof of a change in circumstances does not justify the reduction of the child support award where an obligor's inability to pay arises from his own voluntary actions. Crane v. Crane, 541 So.2d 250 (La.App. 4 Cir.1989). Citing Guinn v. Guinn, 405 So.2d 620 (La.App. 3 Cir.1981), in Alexander v. Alexander, 417 So.2d 92, 94 (La.App. 3 Cir. 1982), the appellate court noted:
The support obligation imposed on the father and the mother of minor children by LSA-C.C. Article 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (LSA-C.C. Art. 21), nor practical inability to pay (LSA-C.C. Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent's own neglect and failure.
A person who voluntarily leaves gainful employment without good reason, solely for the purpose of avoiding his/her alimentary obligations, is not entitled to reduction. Hendrick v. Hendrick, 470 So.2d 449 (La.App. 1 Cir.1985). It is equally clear, however, that a reduction in child support payments may be ordered on a showing by the party seeking the reduction that a change in circumstances has occurred; that the voluntary change of circumstances is reasonable and justified; that he or she is in good faith in not attempting to avoid his alimentary obligation; and his or her action will not deprive the child or children of continued reasonable financial support. Fanguy v. Fanguy, 468 So.2d 667 (La.App. 4 Cir.1985).
In Alexander v. Alexander, supra, the father was ordered to pay child support even though he was incarcerated and lacked the ability to pay, subject to the provision of additional time and schedule to pay, where at the time the rule was filed the father possessed sufficient means with which to provide some financial assistance to his child; however, he voluntarily used his assets for payment of a secondary obligation, including payment to his attorney in connection with a future parole board hearing, in disregard to his primary obligation to pay child support.
In State v. Reed, 26,896 (La.App. 2 Cir. 6/21/95) 658 So.2d 774, the father requested a reduction in child support because he incurred monthly payments of $8,000 to the bankruptcy court, resulting from bankruptcy from poor business management and an extravagant lifestyle; as well as $7,000 monthly payments to the Louisiana Department of Health and Hospitals, resulting from his actions in overcharging the State. The appellate court noted that the father voluntarily incurred additional obligations which should not take precedence over the father's support obligation, which is firmly entrenched in the law and public policy. The appellate court affirmed the trial court's determination that *749 the father did not show a change of circumstances sufficient to warrant a reduction in his child support payments. Although his monthly salary from his prior position as a physician decreased to $5,000, which was derived from the father's current newly incorporated business, the trial court determined that the father's income for the purpose of the child support calculation was $11,000 per month, the amount established at an earlier 1993 hearing. Utilizing the child support guidelines, the court found that a reduction was not warranted. The father failed to show a fortuitous event or circumstance beyond the father's control which brought about a change in his ability to pay the child support.
In Toups v. Toups, 573 So.2d 1164 (La. App. 5 Cir.1991), previously the trial court had determined in its August 1989 judgment that the father's arrest was the result of his voluntary illegal activity which could not form the basis of a move to reduce his child support obligation. In October 1989 Toups lost his license to practice medicine in Louisiana. In April 1990 Toups filed a rule to decrease his support obligation on the basis that the revocation of his medical license caused a severe reduction in his earnings. The appellate court rejected the mother's exception of res judicata based on the claim that the prior 1989 judgment prohibited Toups from using the effect of his criminal activity as a ground for child support reduction. Even though Toups lost his medical license as a result of his criminal activity, the court considered that the loss of Toups' medical license was a different factor to be reviewed in determining the issue of a reduction of the father's child support obligation. On appeal the Fifth Circuit could not consider the merits of the case because of insufficient evidence upon which to render a de novo support award. Instead, the appellate court remanded the case with instructions:
The fact of the license revocation alone is not a basis for a reduction of the support obligation. Realistically, the fact that Toups can no longer practice medicine must be considered. The issue of whether support reduction is appropriate, however, can only be answered after introduction of evidence on Toups' current employment or employability, Anglade's [Toups' former wife] financial situation and the economic needs of young Michael Toups.
Id., 573 So.2d at 1167. (Emphasis added.)
In the present case Seals has shown a change in circumstances by virtue of the fact that he no longer enjoys the income provided by his nursing license because of his criminal activity. He is employable and performs manual labor. There is no evidence that he is attempting to avoid his alimentary obligation by incurring other additional financial obligations. He testified that he wants to return to nursing and resume paying the original amount of support. Further, we note Seals was current with support payments and that he did not fall in arrears until he lost his job. Ms. Cooper's testimony corroborated these facts. Even though Seals' support obligation is reduced, Ms. Cooper is employed and there is no evidence that the reduction in support payments will deprive Kenja of reasonable financial support.
Considering the facts of this case, we agree with Seals showed that there was a change in circumstances, and we find no abuse in discretion in the trial court's action. Based on the defendant's past good faith in making child support payments, his monthly obligation should be reduced. However, he should not be allowed to permanently benefit from his self-inflicted drug addiction. Rather, his current situation is similar to those situations where a parent seeks a temporary reduction of support payments in order to obtain a better education. Massingill v. Massingill, 564 So.2d 770 (La.App. 2 Cir. 1990). The assumption is that once the parent finishes her studies, she/he will be in a better position to provide for the child than she/he was before re-entering school. In the present situation, if Seals re-establishes his professional life, he should be able to provide for his child at least to the same extent that he did prior to his loss of employment.
Accordingly, Seals should be given a specific period of time to get his professional life in order and to continue in drug counseling. However, since his problems arose due to his anti-social and criminal behavior, the reduced *750 support payments should continue only until a pre-established date to be fixed by the trial court. If Seals believes that he is still entitled to lesser child support payments at the end of this time period, he should have the burden of petitioning the court and proving that he is entitled to a continued extension of time. If he does not do so, his support payments should automatically increase to the pre-reduction sum.
Accordingly, we affirm the judgment reducing Seals' child support payments and remand for the trial court to set a time limit for Seals' reduced support payments.
AFFIRMED AS AMENDED & REMANDED.
NOTES
[1] Blood testing performed by Roche Biomedical Laboratories, Inc., indicated a 99.99% probability that Seals is Kenja's biological father.
[2] Ms. Cooper has two other children and receives support from the father(s) of those children.