714 So.2d 63 (1998)
David E. KOCH
v.
Kathleen H. KOCH.
No. 97-CA-1600.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1998.
*64 Robert C. Lowe, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for David E. Koch, Plaintiff/Appellant.
J. Keith Hardie, Jr., New Orleans, for Kathleen Hardie Koch, Defendant/Appellee.
Before BYRNES, ARMSTRONG and MURRAY, JJ.
MURRAY, Judge.
David E. Koch appeals a judgment dismissing his Rule to Reduce Child Support. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY:
In May of 1996, Mr. Koch filed a Rule to Reduce Child Support claiming that his income had decreased substantially since a consent judgment entered into in May of 1995. The consent judgment, that was entered on the record on October 21, 1994, provided that Mr. Koch's child support obligation payable directly to Ms. Koch was to $1,694.00, a reduction of $425.00. However, he was to pay full tuition directly to Trinity School until the child completed all grades at the school. It was agreed that Mr. Koch could seek a modification of the tuition obligation if circumstances changed. After August of 1995, Ms. Koch was to be fully responsible for all other costs, including the cost of after school care, for their daughter.
According to Mr. Koch, the 1995 consent judgment was based on his 1993 income of $352,097.00.[1] However, his 1993 income tax return, contained in the record, does confirm that amount as income. Other tax returns in evidence confirm that in 1994 his income dropped to $192,763.00, and to $159,901.00 in 1995. Documents submitted by Mr. Koch *65 indicate that for 1996, he received interest income from Norrell Temporary Service of $20,588.40, profits from the Jefferson Industries partnership of $97,245.00, and $6,008.05 from three investment accounts. A 1996 tax return is not in the record.
At the hearing on the rule, the trial court sua sponte dismissed Mr. Koch's rule at the close of his case. The court found that Mr. Koch was voluntarily underemployed, imputed $60,000 income to him, and ruled that he had failed to demonstrate a material change in circumstances so as to warrant a reduction in child support. It is from this judgment that Mr. Koch appeals.

DISCUSSION:

A. INVOLUNTARY DISMISSAL
In his first assignment of error, Mr. Koch contends that the trial court erred when it dismissed his motion sua sponte. He argues that the court may dismiss an action pursuant to La.Code Civ. Proc. art. 1672(B) only upon motion by a party.
Louisiana Code of Civil Procedure art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. (emphasis added)
The article is clear that the court may not dismiss an action on its own motion, but only upon application of either party. Williams v. Brooks, 96-1709, p. 3 (La.App. 3 Cir. 4/30/97), 693 So.2d 302, 304, writ denied, 97-1434 (La.9/19/97), 701 So.2d 175; Spencer v. Children's Hosp., 419 So.2d 1307 (La.App. 4 Cir.), writ granted, 423 So.2d 1178 (La.1982), rev'd on other grounds, 432 So.2d 823 (La.1983). Thus we find that the trial court erred, as a matter of law, by dismissing Mr. Koch's rule on its own motion.
Despite this procedural error, because the record is sufficient, we are able to render an opinion without the necessity of remanding this case to the trial court.

B. CHANGE IN CIRCUMSTANCES
Mr. Koch claims that the trial court erred in not finding a change in his financial circumstances since rendition of the last judgment.
An award of child support should not be modified unless the party seeking the modification shows a change of circumstances of one of the parties between the time of rendition of the previous award and the time of the motion for modification. La. Rev. Stat. 9:311 A. The party seeking the modification bears the burden of proving that a change in circumstances has occurred since the fixing of the prior award. State, Through Dept. of Social Services v. Seals, 97-1508, p. 2 (La.App. 4 Cir. 10/29/97), 701 So.2d 746, 748; Barrios v. Barrios, 95-1390, p. 4 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 293, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691. If the moving party satisfies his burden, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise rebut the presumption. The nonmoving party may rebut the presumption in favor of reduction by showing that the moving party's voluntary actions caused the change in circumstances, or that other factors mitigate against the reduction. Seals, supra; Polk v. Polk, 626 So.2d 1233 (La.App. 4 Cir.1993), writ denied, 94-0066 (La.2/11/94), 634 So.2d 381. A trial court has great discretion in deciding whether a modification of child support is warranted, and such decisions will not be upset on appeal absent a clear abuse of that discretion. Rosenbloom v. Rosenbloom, 94-1762 (La.App. 4 Cir. 4/26/95), 654 So.2d 877, writ denied, 95-1320 (La.9/1/95), 658 So.2d 1266; also see Roberts v. Roberts, 95-1626, p. 1 (La.App. 4 Cir. 6/5/96), 677 So.2d 1042, 1044 (child support order will not be reversed except for abuse of discretion).
The trial court found that Mr. Koch failed to demonstrate a "material" change in circumstance sufficient to warrant a reduction *66 in child support. Although Mr. Koch effectively proved that his income has decreased significantly since 1993, thereby shifting the burden to Ms. Koch to rebut the presumption that he was entitled to a reduction, we agree with the trial court that Ms. Koch established that the changes in his income were due to his own choices and decisions in handling his assets. A proof of a change in circumstances does not justify a reduction in child support where an obligor's inability to pay arises from his own voluntary actions which render performance difficult, if not impossible. Crane v. Crane, 541 So.2d 250, 251 (La.App. 4 Cir.1989). The evidence produced at the hearing reveals that Mr. Koch liquidated profitable assets and loaned $500,000.00 to a business in which he owned a considerable amount of stock. In addition, Mr. Koch liquidated dividend producing stock in order to invest in corn futures, and lost over $2 million between 1993 and 1997. All of these actions have been by choice. Mr. Koch cannot rely on his bad investment decisions to reduce his support obligation to his child.
Thus, under the facts of this case, we cannot say that the trial court abused its discretion in refusing to reduce Mr. Koch's child support.

C. VOLUNTARY UNDEREMPLOYMENT
Mr. Koch also claims that the trial court erred in finding that he was voluntarily underemployed, and in imputing $60,000.00 of income to him.
Voluntary underemployment is a fact driven consideration. Whether an obligor spouse is in good faith in reducing his income is a factual determination which will not be disturbed absent an abuse of discretion. Gould v. Gould, 28996, p. 13 (La.App. 2 Cir. 1/24/97), 687 So.2d 685, 693.
Louisiana Revised Statute 9:315.9 provides:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years...
The trial court found that Mr. Koch was voluntarily underemployed because he testified that he works approximately seventy hours per week, without compensation, for Norrell Temporary Services, a company of which he is a one-third owner.
Louisiana Revised Statute 9:315(6)(b) provides that income for purposes of child support includes the "[p]otential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party."
Mr. Koch contends that he is not voluntarily underemployed through any fault or neglect on his part because he must run Norrell, without compensation, in order to protect his significant investment in that company. He argues that his situation is similar to that of the mover in Mayo v. Crazovich, 621 So.2d 120 (La.App. 2 Cir. 1993). We disagree.
Mr. Mayo, who left an unstable cement business to begin a venture in chicken farming, borrowed substantial sums of money from a commercial bank to start his business. Unfortunately, the chicken farm was not immediately profitable, and Mr. Mayo sought a decrease in his child support obligation. The court found that, because Mr. Mayo left a faltering cement business to begin this new enterprise, and was working diligently to make a profit in that new business, he was not in bad faith when he changed occupations, and, therefore, was not voluntarily underemployed.
Mr. Koch's situation is quite different. He did not leave a job in a faltering business and borrow money to start a new enterprise. As pointed out above, Mr. Koch has made several voluntary choices regarding investments of assets, resulting in loss of income. Though it was not his "fault" that the investment decisions turned sour, the bad decisions reduced his income. Again, Mr. Koch cannot rely on his bad investment decisions to reduce his *67 support obligation to his child. Based on these facts, we cannot say that the trial court's determination that Mr. Koch was voluntarily underemployed is manifestly erroneous.
Nor do we find that the trial court erred in imputing $60,000 annual income to Mr. Koch, who testified that if he had to hire someone to perform the services he donates to Norrell, he would have to pay that person at least $60,000.00 per year.
For the reasons set forth above, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by David E. Koch.
AFFIRMED.
NOTES
[1] This Court has reviewed the transcript of the hearing on October 21, 1994, and there is nothing in the transcript to indicate the basis for the consent judgment. If additional testimony was taken on October 21, 1994, and appellant wished this Court to review it, it was his obligation to complete the record. As the record stands, however, there is no evidence to support Mr. Koch's claims.