JjCOOKS, J.
This appeal arises out of a December 2, 1992 action to partition by licitation two separate, but adjacent, tracts of land on sections 13 and 18 in Evangeline Parish. Suit was instituted on behalf of the Succession of Eldellar Duplissey Ratcliff, Robert L. Raborn [1], Sherrill W. Raborn and Timothy R. Raborn. The trial court dismissed the partition action; plaintiffs appeal. For the following reasons, we reverse and remand for a new trial.
ASSIGNMENTS OF ERROR
Petitioners assert that the trial court erred when it: (1) refused to recuse itself from consideration of a motion for new trial, (2) refused to hold a trial on the merits after a trial had been assigned to the court, (3) dismissed their petition with prejudice and at their costs, (4) required their counsel to specify to the court 100% of the owners |¡»as well as each owner’s interest in the properties, (5) refused to grant a new trial, and (6) refused their proffer consisting of testimony and evidence proving their ownership interest, as well as, the amount of necessary cost and expenses expended in the preservation of the property.
FACTS
The land in question totals approximately 140 acres; it is comprised of one tract of land consisting of 60 acres “more or less” with the other consisting of 80 acres “more or less.” Eldellar Duplissey Ratcliff inherited an interest in the property and died August 19, 1961 having been divorced twice and never having children. On May 28, 1979, Sherrill Raborn purchased from Youndy Raborn, the mother of her husband, a 60 acre undivided interest in the land. Sherrill then filed a petition for appointment as Administratrix and was appointed as Administratrix of Eldellar’s (her husband’s Aunt) estate on February 7, 1983. Timothy R. Raborn, son of Sher-rill and Robert, bought 1% of the Eldellar Ratcliff property interest in 1977 at a tax sale.
A Motion and Order To Sell Timber was filed by Sherrill as the Administratrix with the district court. The motion was granted on January 21, 1992, and called for a forester to identify, mark, cut and remove timber off of the two tracts of land in order to stop the spread of the southern pine beetle. Dan DeRouen was retained *920 as a forestry consultant and a timber sale prospectus was advertised. Bids were taken on the timber by Sherrill as the Administratrix. The highest bidder, Louisiana Pacific Corporation, was awarded the contract to harvest all the timber necessary to stop the spread of the pine beetle. Most of the timber on the tracts was cut yielding $56,164.58, which was deposited in an account of the Administratrix at Hancock Bank in Baton Rouge. Upon court approval, a fee of $5,616.46 was paid to the forester and $200.00 was paid to an ab-stractor. The court also approved the payment of $7,500.00 in attorney fees to Robert for his work in handling the removal and sale of timber; and a $1,000.00 13advance on the Administratrix’s fee for Sherrill.
Petitioners filed a petition on behalf of the succession to partition the property and the funds held by the estate. The petition set forth the interests of Robert, Sherrill, and Timothy and named other defendants believed to own undivided interests in the property and also affirmed there were unknown others who owned undivided interests in the properties. The petitioners prayed that the ownership interests be fixed and that the fees and expenses associated with administering the succession be paid. These fees included the charges for protecting and preserving the properties by harvesting and selling the timber, attorney’s fees for representing the succession, fees and expenses of the Administratrix and reimbursement of all ad valorem taxes against the property which had been paid by the Raborns.
On July 13, 1998 the trial court ordered petitioners to file an amended petition setting forth the names and undivided interests of 100% of the co-owners and notified them the petition would be dismissed with prejudice within 60 days if the order was not satisfied. On July 22, the trial court ordered that the Administratrix file a full accounting of the proceeds of the sale of the timber, and show cause why the $7,500.00 paid to Robert in attorney’s fees and the $1,000.00 paid to Sherrill as the Administratrix should not be returned to the registry of the court.
On September 14, 1998, the trial court ordered the $7,500.00 paid to Robert Ra-born and the $1,000 paid to Sherrill as the Administratrix, as well as the monies held by the Administratrix on behalf of the Succession, be deposited into the registry of the- court for further handling. The petitioners then filed an amended petition and attached to it a motion and order for the appointment of an attorney to represent the unknown owners holding interest in the property, with the fees for the attorney to be paid out of the shares of the property owned by the unrepresented interests.
The trial court refused to sign the order and instead signed an order requiring |4the petitioners to amend their petition once more to name all the co-owners and “have all defendant co-owners that have not been served, served, and [compute] all of the co-owners interest to show 100% ownership in the tracts” or suffer dismissal of it with prejudice. In response to that order, on October 28,1998, a writ application was filed with this court. We granted the writ in part and denied it in part. As to the order of the trial court requiring petitioners show 100% ownership, we reasoned:
[w]hile it is within the trial court’s discretion to order the Plaintiff-Applicant to join all fellow co-owners as defendants, it is not necessary for Plaintiff-Applicant to specify the full percentage of ownership of each in order to maintain the partition suit. The order of the trial court is reversed accordingly.
On October 29, 1998, upon receiving the decision of this court, the trial court issued an ex-parte order fixing the trial date in this matter for December 1, 1998. A supportive brief was ordered by the trial court, to which the petitioners responded with a memorandum in the form of a “pretrial order” response. The names of the defendants’ witnesses and exhibits were left blank in order to allow defendants to *921 insert them. The petitioners’ memorandum was deemed “inadequate” by the trial court and they were ordered to file a supplemental brief. The order also required they include in the brief “who owns what interests in each of the two tracts of land, and whether each of those owners have been served with a copy of the Plaintiffs’ petition.” Continuing, the judge directed: “Needless to say, the court will expect you to show in said outline that the total ownership in each tract is 100%.” The trial judge’s instructions patently defied this court’s ruling.
On December 1, 1998, when the suit for partition came to trial, the trial judge stated his intention to dismiss the petition with prejudice; but petitioners informed the trial court that the ownership interests in first amending petition were incorrect and could be replaced by a November 27 stipulation reached by all the parties involved listing one hundred percent of the co-owners. Apparently, all the attorneys of record ^desiring in earnest to comply with the trial judge’s demand, met and were able to identify one hundred percent of the owners holding interests in the property. This they undertook to do in an effort to appease the trial judge, though we ruled they were not mandated to do so. On the date trial was scheduled to begin all co-owners were either represented by counsel, waived their appearance, or were served and preliminary defaults were entered. The trial court nevertheless rejected the stipulation and opened the proceedings to unrestricted public proffer by any one that wanted to offer testimony and evidence to prove their claims or the claims of the unrepresented parties. After each party presented evidence to prove their claims and after hearing from members of the gallery, the trial court dismissed the partition suit with prejudice at petitioners’ costs but reserved the right of any defendant to file a subsequent suit for partition.
On December 11, 1998, petitioners filed a Motion and Order to Recuse the trial judge praying that he be recused from:
Any further actions in these proceedings because the judge is biased and prejudiced against the plaintiffs, and against their attorney Robert L. Raborn, to such an extent that he has been, is now, and would be in the future unable to conduct fair and impartial proceedings in this matter[.]
As evidence of the trial judge’s bias, Plaintiffs point to the judge’s insistence that they present to the court one hundred percent of the owners of the property even though this court ruled they need not meet this requirement; and his refusal to appoint an attorney to represent the unrepresented owners. Additionally, petitioners complain that the trial judge referred to petitioners’ attorney as the “Dean of the Evangeline Parish bar” in an October 9, 1998 letter to all attorneys enrolled in the case. Further, the petitioners claim that the trial judge ridiculed their pleading by saying, “The pages of the mostly pitiful pleadings in this file are already yellowed and brittle, and qualify as ancient documents.”
| fiFurther, petitioners cite the trial judge’s invitation that they write a memorandum telling him how they could win if they did not comply with his orders requiring them to do the very thing this court stated in the October 28 writ ruling they di<j not have to do. They also direct our attention to the trial judge’s disparaging criticism of defense counsel for not objecting to certain evidence, noting the judge stated: “I am chagrined and wary of supplying objections for the defense lawyers who do not want, or do not know how to do it.”
Along with the Motion to Recuse, petitioners filed a Motion For A New Trial and listed as grounds the trial judge’s belligerent attitude toward them; his demand that they prove one hundred percent of the ownership and respective interests in the property; the unilateral fixing of the *922 trial date within thirty days of the court of appeal ruling; the trial court’s refusal to conduct a trial rather than turning the December 4 proceeding into an open proffer; and the dismissal of the case when the matter could easily have been tried based on the law and stipulations of the parties. Both the motion for a new trial and the motion for recusal were denied.
ASSIGNMENTS OF ERROR 2, 3, AND 4
Because of our decision in this matter, we shall address the assignments of error out of order. In its judgment, the trial court dismissed the lawsuit against petitioners with prejudice without taking evidence despite the fact that the parties were prepared to present their cases. Further, the trial court reserved unto all other parties their right to file a petition to partition the property and the money held in court. Presumably, the trial court refused to allow evidence because of its opinion that the petitioners could not identify one hundred percent of the owners holding interest in the property. La. Const, art. I, § 22 reads: “All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, |7or other rights.” The right of access to the courts is basic to our system of government and is one of the fundamental rights protected by the Constitution. Ryland v. Shapiro, 708 F.2d 967 (5th Cir.1983) on remand 586 F.Supp. 1495 (1984).
However, the trial court has the power to grant an involuntary dismissal in certain instances. La.Code Civ.P. arts. 1844 and 1672. It may render a judgment dismissing an action upon application of any party, when the plaintiff fails to appear on the day set for trial. In such cases, the trial court is required to determine whether the dismissal judgment as statutorily mandated, shall be with or without prejudice. La.Code Civ.P. art. 1672(A)(1).[2] The petitioners, in this case, were represented by counsel, and none of the parties made an application for a dismissal. The trial court may also in a non-jury trial render a judgment of dismissal after the plaintiff has completed the presentation of his evidence, upon a motion for involuntary dismissal by any party if the trial court determines that plaintiff has shown no right to relief. La.Code Civ.P. art. 1672(B). The Fourth Circuit has recently held relying on our decision in Williams v. Brooks, 96-1709 (La.App. 3 Cir. 4/30/97); 693 So.2d 302, that it was clearly error for the trial court to dismiss an action involving a reduction of child support on its own motion absent application of a party. Koch v. Koch, 97-1600 (La.App. 4 Cir. 4/22/98); 714 So.2d 63.
Further, we are cognizant of our decision in the previous writ application in this court. In that decision, we stated, “[wjhile it is within the trial court’s discretion to order the plaintiff applicant to join all fellow co-owners as defendants, it is not necessa'ry for plaintiff-applicant to specify the full percentage of ownership of each in order to maintain the partition suit.” (Emphasis added). No one may be compelled to hold a thing in indivisión with another unless the contrary has been provided by law |sor juridical act. La. Civ. Code. art. 807. The mode of partition may be determined by agreement of all the co-owners, and in the absence of such an agreement, a co-owner may demand judicial partition. La.Civ.Code. art. 809. Petitioners demanded a judicial partition and were entitled to be heard and have their day in court, and the trial court was obliged to take evidence and rule on that evidence. Notwithstanding, the trial judge refused to allow introduction of the parties’ stipulation in apparent defiance of our rul *923 ing which he was legally bound to follow. This was clear error. The error was compounded when he dismissed their suit with prejudice. The dismissal, therefore, is reversed and the matter is remanded for further proceedings.
ASSIGNMENT OF ERROR 1
Louisiana Code of Civil Procedure Article 151(B)(5) provides:
B. A judge of any court, trial or appellate, may be recused when he:
(5) is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.
Under La.Code Civ.P. art. 154, if a valid ground for recusation is set forth in the motion for recusal, the trial judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing. The purpose of this rule is obvious — to guard against bias. Even though petitioner’s motion set forth numerous allegations that the trial judge was biased and prejudiced, many of which are mentioned above, Judge Aucoin denied their motion to recuse without further ado.
In the interests of judicial economy, justice, and since the record contains sufficient evidence upon which to malte a determination, we elect not to remand this issue for hearing by another judge; instead, we find Judge Aucoin’s loords and actions demonstrate bias and prejudice sufficient to satisfy the requirements of La.Code Civ.P. 19art. 151(B)(5). Accordingly, we order his recusal forthwith and a new trial.
ASSIGNMENTS OF ERROR NUMBERS 5 AND 6
Because of our decision herein, these assignments of error are rendered moot.
CONCLUSION
The decision of the trial court granting a judgment of dismissal with prejudice is reversed. Further, we order the recusal of the trial judge, and remand for a new trial. Costs of this proceeding shall be taxed to the Estate of Eldellar Duplissey Ratcliff.
REVERSED AND REMANDED.

. Robert Raborn, in addition to being a plaintiff himself, is counsel for Plaintiffs.

. We also note that the court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial. La.Code Civ.P. art. 1672(A)(2).