NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-815

STATE OF LOUISIANA

IN THE INTEREST OF THE MINOR

CHILDREN OF

CAWANDELYN MINOR AND

DEQUINCY BELL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 22-0755
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

GUY E. BRADBERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

AFFIRMED.

**Glenda Huddleston**
**Decuir & Huddleston**
**214 E. Washington Street**
**New Iberia, LA 70560**
**(337) 365-2336**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dequincy Bell**

**Lucretia P. Pecantte**
**124 W. Washington Street, Suite B**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cawandelyn Minor**

**Ian Alpha**
**Assistant District Attorney**
**Sixteenth Judicial District Court**
**300 S. Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR:**
    **State of Louisiana**

**BRADBERRY, Judge.**

In this matter, Cawandelyn Minor appeals the decision of the trial court below modifying a hearing officer recommendation against DeQuincy Bell, setting child support in the amount of $1,942.63 per month for the time between February 1, 2022, and August 1, 2022, and reducing the amount to $1,279.19 per month thereafter. For the following reasons, we hereby affirm the decision of the trial court.

Ms. Minor and Mr. Bell are a long-separated husband and wife who have three children together. Ms. Minor began receiving child support around 2013, when Mr. Bell worked as a security guard for $8.50 an hour. Mr. Bell subsequently earned his Commercial Driver's License and began earning significantly more money. In January 2022, the Louisiana Department of Children and Family Services, Child Support Division filed a motion for modification of child support. After a hearing officer's conference, support was awarded at the amount of $2,052.00 per month. Mr. Bell appealed that amount to the trial court below. On September 16, 2022, after hearing testimony and evidence, the trial court adopted the income levels for Mr. Bell located in the State's exhibits 4 and 5, and ordered child support in the amount of $1,942.63 per month be paid from February 1, 2022, and August 1, 2022, and reduced the amount to $1,279.19 per month thereafter, based on a lower income from a change in Mr. Bell's employment. From that decision, Ms. Minor appeals.

On appeal, Ms. Minor asserts two assignments of error, that the trial court erred in finding Mr. Bell was not voluntarily underemployed, and that the trial court erred in calculating the child support award based on Mr. Bell's current income. Because the assignments of error overlap, we will address them together.

Courts have widely utilized the concept of voluntary unemployment and underemployment in factoring a parent's child support obligation. *See* La.R.S. 9:315.11(A)(1). Voluntary underemployment is a question of good faith of the obligor parent. *Fuqua v. Fuqua*, 45,555 (La.App. 2 Cir. 9/22/10), 47 So.3d 1121. In general, voluntary unemployment or underemployment "is a fact driven consideration." *See Langley v. Langley*, 07-754, p. 4 (La.App. 4 Cir. 3/26/08), 982 So.2d 881, 883 (quoting *Koch v. Koch*, 97-1600, p. 5 (La.App. 4 Cir. 4/22/98), 714 So.2d 63, 66), *writ denied*, 08-873 (La. 6/20/08), 983 So.2d 1274. Whether the obligor is in good faith in reducing his or her income is a factual determination, which will not be disturbed on appeal absent an abuse of the trial court's wide discretion. *Fuqua*, 47 So.3d 1121. Further, a trial court's credibility determinations regarding a party's sources of income are entitled to great weight. *Armstrong v. Rayford*, 39,653 (La.App. 2 Cir. 5/11/05), 902 So.2d 1214; *State v. Johnson*, 54,945 (La.App. 2 Cir. 3/1/23), 358 So.3d 210; *Bergmann v. Nguyen*, 21-553 (La.App. 4 Cir. 4/27/22), 366 So.3d 422, *writ denied*, 22-1075 (La. 10/18/22), 348 So.3d 725.

Here, the trial court dismissed the allegations that Mr. Bell was voluntarily underemployed after observing the witnesses and hearing the testimony before the court. Mr. Bell testified that he had been employed at a long-haul trucking company for roughly five months between March and August of 2022, including the time of the hearing officer conference. At that company, he made roughly $9,000.00 per month, though that was the result of working an inordinate amount of time, with ninety days on the road and then seven days off, working a minimum of sixty hours a week. Mr. Bell testified that he was fired from that job soon after the hearing officer conference because his employer believed they saw him rolling

a marijuana cigarette, though his uncontroverted testimony was that he denied any drug use, that the prior company never drug tested him prior to termination, and that he subsequently passed a drug screen within three weeks of that termination, when he began his current job. That new job pays less, so Ms. Minor claims that Mr. Bell is underemployed by the amount of difference in pay because of the circumstances surrounding the firing. However, Mr. Bell testified that the new job has a ten-day on/four-day off schedule that Mr. Bell testified provided him with fewer hours - one reason for the lower pay - but a better overall life situation and more time to see his children when the visitation schedule allowed. The trial court specifically found that the unusually high number of hours Mr. Bell worked in his prior job was not sustainable.

The trial court had wide discretion in its determination of Mr. Bell's credibility for the purposes of considering whether he has acted in good faith in terminating or reducing his income. *See Schult v. Schult*, 36,283 (La.App. 2 Cir. 8/28/02), 827 So.2d 465. Based on the record before us, we cannot find that the trial court abused its wide discretion in its determinations, and therefore, we do not disturb those findings.

Furthermore, in determining the amount of child support awarded, the trial court used the income amounts submitted by the State's own witness, Tonya Csaszar, of the Louisiana Department of Children and Family Services, Child Support Division. Ms. Csaszar testified that she used Mr. Bell's payroll information, prior and current, to input into the child support worksheet. When those income numbers were entered into the worksheet, Ms. Csaszar reached the monthly child support amounts of $1,942.63 before August 1, 2022 and of $1,279.19 thereafter. There is no evidence before this court suggesting those

income amounts were incorrect, and the final award amounts were based directly on the State's own exhibits. Based on the record before this court, we find no error in the trial court making the awards in those amounts, as they are directly supported by the record.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Minor.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.